UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERMAINE R RUDDICK,

    Plaintiff,

v.                                                                     Case No. 4:20cv426-MW-HTC

FLORIDA DEPT OF CORRECTIONS,

    Defendant.

_____/

### REPORT AND RECOMMENDATION

    Plaintiff Germaine R. Ruddick, proceeding *pro se*, filed an "Action for Temporary Injunction" challenging the charging of liens against his inmate bank account for litigation costs and fees.  ECF Doc. 1.  The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  After reviewing the initial pleading and Plaintiff's litigation history, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE because Plaintiff (1) has three strikes under 28 U.S.C. § 1915(g), (2) has not shown he is under imminent danger of serious physical injury, and (3) has failed to pay the requisite filing fee upon initiating this suit.

## I. BACKGROUND

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Florida State Prison, files this action seeking "a temporary injunction, directed to Secretary Inch, discharging all restraints against Plaintiff's prison trust fund account," which Plaintiff has incurred over the years because of his frequent litigation concerning his conditions of confinement. ECF Doc. 1 at 2. Plaintiff claims that such restraints are a "violation of the Plaintiff's protected procedural due process rights of the due process clause of its own force." *Id.* at 3.

Plaintiff did not simultaneously pay the $400.00 filing fee or file a motion to proceed *in forma pauperis* at the time he filed this civil case, in violation of Local Rule 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff also failed to file this action on the required Court forms, in violation of Local Rule 5.7(A):

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

Case No. 4:20cv426-MW-HTC

Since Plaintiff "asserts a claim under the United States Constitution or a statute creating individual rights," under the language of Rule 5.7(A) his is a "civil-rights case" that must be filed on Court forms but was not.

Also, in his pleading, Plaintiff admits that he "has a significant history for filing complaints in the state and federal courts" and that "review of Plaintiff's litigation history will clearly reveal that every one of Plaintiff's complaints or appeals were basically dismissed upon defendant's motion for 'failure to state a claim upon which relief may be granted.'" ECF Doc. 1 at 2–3. As discussed below, Plaintiff is correct in both of these admissions, and he does not allege a threat of imminent physical harm, so his case should be dismissed under 28 U.S.C. § 1915(g).

## II.   THE THREE-STRIKES PROVISION OF THE PRISON LITIGATION REFORM ACT ("PLRA"), 28 U.S.C. § 1915(g)

Under the PLRA, a prisoner may not proceed *in forma pauperis* if he has filed at least three (3) cases that have been dismissed for failure to state a claim, or as frivolous or malicious. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants

dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

## III.   APPLICATION TO PLAINTIFF

As stated above, Plaintiff admits he has filed at least three (3) cases that have been dismissed based on a ground set forth in 28 U.S.C. § 1915(g). ECF Doc. 1 at 2–3. The Court has verified this admission and notes that this district has long established that Ruddick is a three-striker. For example, in 2018, Magistrate Judge Timothy wrote the following:

> Plaintiff's status as a three-striker is established. *See Ruddick v. Stevens*, No. 3:17cv914/LAC/EMT, 2018 WL 1354797 (N.D. Fla. Feb. 23, 2018) (magistrate judge's report recommending dismissal of plaintiff's civil rights action pursuant to three-strikes bar and identifying qualifying cases), *adopted*, 2018 WL 1353115 (N.D. Fla. Mar. 15, 2018). The cases identified in the February 23, 2018, Report and Recommendation may be positively identified as filed by plaintiff because the pleadings (particularly the applications to proceed in forma pauperis) bear his name and Florida Department of Corrections' inmate number, DC#281646. *See Ruddick v. Mangonia Park Police*, Case No. 9:00-cv-9144-KLR (S.D. Fla. Apr. 23, 2001) (civil action filed by plaintiff while incarcerated; dismissed for failure to state a claim); (2) *Ruddick v. Neumann*, Case No. 9:01-cv-8247-DTKH (S.D. Fla. Aug. 28, 2001) (same); (3) *Ruddick v. State of Florida*, Case No. 1:00-cv-3724-JLK (S.D. Fla. May 10, 2001) (civil action filed by plaintiff while incarcerated; dismissed for failure to state a claim, as frivolous, and for

> seeking monetary relief against defendant immune from such relief; appeal also dismissed as frivolous).

Rep. and Rec., ECF Doc. 5 at 3–4, *Ruddick v. Bondi*, 5:18-cv-00044-MCR-CJK (N.D. Fla. March 26, 2018), *adopted*, ECF Doc. 7 (April 24, 2018).

Additionally, Plaintiff has not alleged that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Instead, his claims only concern his prison trust account and his desire to have them "unencumbered by monetary liens illegally incurred." ECF Doc. 1 at 6. Therefore, he does not meet the serious physical injury exception to the three-strikes rule at 28 U.S.C. § 1915(g).

## IV.   CONCLUSION

Plaintiff is thus a three-striker who is not entitled to proceed *in forma pauperis* and who failed to pay the required filing fee at the time of filing this case. Therefore, his case should be dismissed. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Moreover, a *sua sponte* dismissal is appropriate here because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed and gives Plaintiff the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562, 2012 WL

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g).

2. The clerk be directed to close this file.

At Pensacola, Florida, this 2nd day of September, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv426-MW-HTC